UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIRNA REYES, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | CIVIL ACTION NO. |
| VS. | ) | |
| | ) | 3:10-CV-0868-G |
| NORTH TEXAS TOLLWAY | ) | |
| AUTHORITY (NTTA), | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the plaintiffs' motion for leave to amend proposed class

definitions (docket entry 108).  For the reasons stated below, the motion is granted.

I.  BACKGROUND[1]

Claiming that the defendant, the North Texas Tollway Authority ("NTTA"),

charged various illegal fees for using its roads, the plaintiffs filed this putative class

action suit on March 31, 2010 in the 191st Judicial District Court of Dallas County,

---

[1]       The court only discusses the plaintiffs' factual allegations to the extent
they are relevant to the present motion.  For a thorough discussion of the plaintiffs'
factual allegations, see plaintiffs' third amended complaint (docket entry 98).

Texas.  Notice of Removal at 2 (docket entry 1).  Following removal of the case to this court, the plaintiffs have filed numerous motions for leave to amend their complaint.  Defendant NTTA's Response to Plaintiffs' Motion to Amend Proposed Class Definitions, and Brief in Support ("Response") at 1 (docket entry 109).  The plaintiffs, with leave of court, filed and served their first amended complaint in January 2011.  Order (docket entry 16); First Amended Complaint (docket entry 18).  Then in November 2013, again with leave of court, the plaintiffs filed and served a second amended complaint.  Second Amended Complaint (docket entry 72); Order (docket entry 74).  On July 9, 2014, the court entered a scheduling order which set October 9, 2014 as the deadline to amend pleadings.  Order Establishing Schedule and Certain Pretrial Requirements ("Scheduling Order") at 2 (docket entry 90).  On this deadline, the plaintiffs filed a motion for leave to file a third amended complaint.  Plaintiffs' Motion for Leave to File Amended Pleading and For Leave to Add Parties, and Brief in Support (docket entry 93).  The court denied this motion because of inconsistencies between the proposed third amended complaint and this court's prior rulings.  *See* Order (docket entry 95).  The plaintiffs then edited their proposed third amended complaint and subsequently filed and served it, with leave of court.  Order (docket entry 97); Plaintiffs' Third Amended Complaint (docket entry 98).

On June 19, 2015, the plaintiffs filed the present motion seeking leave to file a fourth amended complaint.  Plaintiffs' Motion to Amend Proposed Class Definitions

and Brief in Support ("Plaintiff's Brief") (docket entry 108).  According to the

plaintiffs, the fourth amended complaint would correct a clerical error that

improperly narrows the refund and injunctive classes.[2]  Plaintiffs' Brief at 5.

Currently, the complaint establishes the beginning of the class periods as two years

prior to the removal of the case to this court; the plaintiffs desire to amend this date

to two years prior to the case's initial filing in state court.  *Id.*  Presumably, the

plaintiffs seek this amendment to include in the classes all individuals who possess

claims within the applicable two-year statute of limitations.  *See* TEX. CIV. PRAC. &

REM. CODE ANN. § 16.003 (West 2005).

Additionally, the third amended complaint does not include within the refund

class those individuals who paid administrative fees outside of the proposed class

period.  Plaintiffs' Brief at 6.  The plaintiffs seek to include within the refund class

individuals assessed administrative fees between March 31, 2008 and August 31,

2011, but who paid those fees subsequent to the class period.  *Id.*

Finally, the fourth amended complaint would clarify a current ambiguity in

both classes by specifically including individuals assessed "fees during the relevant

time period, regardless [of] whether they were *actually driving* the automobile . . .."  *Id.*

at 6-7 (emphasis added).  The defendant filed a timely response opposing the

---

[2]     The refund class includes individuals who have already paid fees to the
NTTA and are now seeking a refund.  The injunctive relief class, by contrast, is
comprised of individuals who have not paid all or a portion of their invoiced fees.
Plaintiffs' Brief at 5.

plaintiffs' motion (docket entry 109) to which the plaintiffs filed a timely reply

(docket entry 112).  The motion is now ripe for consideration.

## II.  ANALYSIS

### A.  Standards for Amending Pleadings

When a party no longer has the right to amend its pleading once as a matter of

course, "a party may amend its pleading only with the opposing party's written

consent or the court's leave.  The court should freely give leave when justice so

requires."  FED. R. CIV. P. 15(a)(1)-(2).  However, if a court has issued a Rule 16

scheduling order and the deadline in this order for amending pleadings has passed, a

party can amend its pleadings "only for good cause and with the judge's consent."  *See*

FED. R. CIV. P. 16(b)(4); see also *Fahim v. Marriot Hotel Services, Inc.*, 551 F.3d 344,

348 (5th Cir. 2008); *Mott v. PFPC, Inc.*, No. Civ. A. 3:02-CV-1366-G, 2003 WL

21222678, at *1 (N.D. Tex. Mar. 28, 2003) (Fish, C.J.) ("Absent a demonstration of

good cause, the more liberal standard of Rule 15(a) will not apply to the court's

decision to grant or deny leave to amend.") (citations omitted).

To determine if good cause exists, courts consider four factors:  "(1) the

explanation for the failure to timely move for leave to amend; (2) the importance of

the amendment; (3) potential prejudice in allowing the amendment; and (4) the

availability of a continuance to cure such prejudice."  *Marathon Financial Insurance,*

*Inc., RRG v. Ford Motor Company*, 591 F.3d 458, 470 (5th Cir. 2009).  A court

analyzes each factor and then balances them to reach a final determination.  See

*Fahim*, 551 F.3d at 348 (affirming the district court's denial of the plaintiff's motion

for leave under Rule 16(b) even though the amendment was clearly important to the

plaintiff).

B.  Application

Here, the plaintiffs seek leave to file an amended complaint after the

October 9, 2014 scheduling order deadline.  *See* Scheduling Order at 2.  Therefore, as

required by Rule 16, the court must assess whether "good cause" justifies the

proposed amendment.

1.  *Good Cause Exists Under Rule 16*

a.  The Plaintiffs Present an Adequate Explanation
for Their Failure to Timely Amend

The plaintiffs explain that the defendant did not produce a single discovery

related document until October 6, 2014 -- three days before the scheduling order's

deadline for amending pleadings.  Plaintiffs' Reply in Support of Motion to Amend

Proposed Class Definitions ("Plaintiff's Reply") at 4 (docket entry 112).  From this

October date until the present, "NTTA has produced over 20,000 pages of

documents and other electronic files."  *Id.*  The plaintiffs required sufficient time --

certainly a period longer than three days -- to sort through these documents to

accurately draft class definitions.

The proposed class definitions' inclusion of both individuals who are arguably new to the classes and individuals covered in prior class definitions but omitted from the active class definitions[3] does not support an alternative conclusion.  See *id.* at 5. Rather, this evidences the "give-and-take inherent in class action litigation, particularly in the formation of a workable class definition." *In re Monumental Life Insurance Company*, 365 F.3d 408, 414 (5th Cir. 2004).

b.  The Proposed Amendment is of Extreme Importance
Because it Seeks to Include Individuals who
Possess Potentially Valid Claims

The proposed class definitions include other individuals who possess potentially valid claims against NTTA for charged administrative fees.  Denying the amendment would require individuals foreclosed from the current case to file their own cases, or potentially an additional class action case, against NTTA to secure an appropriate remedy.  Alternatively, granting leave to amend would ensure those with ostensibly valid claims the possibility of a remedy and promote judicial efficiency by minimizing subsequent lawsuits arising out of the same factual circumstances.  See *Zvelo, Inc. v. Sonicwall, Inc.*, Civil Action No. 06-cv-00445-PAB-KLM, 2012 WL 2872115, at *3 (D. Colo. July 12, 2012) (indicating that in certain circumstances "judicial efficiency is best served by granting leave to amend").

---

[3]     The active class definitions are those in the third amended complaint (docket entry 98).

c.  The NTTA Will Not be Prejudiced if the Motion is Granted

NTTA argues that granting this motion will have "a costly and time-consuming

effect on the comprehensive analysis NTTA has already performed [and will require

the] collection and analysis of an additional *four years of data*."  Response at 12

(emphasis in original).  The plaintiffs emphasize, however, the dubiousness of

NTTA's claim that it did not consider or analyze any collection costs it incurred after

December 31, 2011.  Plaintiff's Reply at 7.  ("If the NTTA had significant 'costs'

which it incurred after December 31, 2011, that are relevant to amounts invoiced

prior to that date, that information . . . is also extremely relevant in determining

whether the injunctive relief class was charged illegal administrative fees.").

Furthermore, any additional analysis necessitated by the amendment is not

particularly surprising because the majority of individuals added by the proposed class

definitions were included in previous class definitions until the third amended

complaint.  *Id.* at 6.

Concluding that the defendant has failed to demonstrate prejudice, the court

need not consider granting a continuance to avoid prejudice.

2.  *Justice Requires Granting Leave Under Rule 15*

Based on the reasoning above (*i.e.*, the plaintiffs' explanation for failure to

timely amend, the importance of the amendment, and lack of prejudice to the

defendants), the court easily concludes that justice requires granting leave under Rule

15.  FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires.").

### III.  CONCLUSION

For the reasons discussed above, the plaintiffs' motion for leave to amend proposed class definitions is **GRANTED**.

**SO ORDERED**.

August 19, 2015.

_A. Joe Fish_

**A. JOE FISH**
**Senior United States District Judge**